**Nos. 22-2333 and 22-2334**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

LEINANI DESLANDES & STEPHANIE TURNER,

*Plaintiff-Appellants*,

v.

MCDONALD'S USA LLC, et al,

*Defendants-Appellees*,

On Appeals from the United States District Court for the
Northern District of Illinois, Nos. 1:17-cv-04857 & 1:19-cv-05524
Hon. Jorge L. Alonso, United States District Judge

### JURISDICTIONAL MEMORANDUM

Dean M. Harvey
Anne B. Shaver
Lin Y. Chan
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
(415) 956-1000

Jessica A. Moldovan
250 Hudson Street, 8th Floor
New York, NY 10013-1413
(212) 355-9500

Derek Y. Brandt
Leigh M. Perica
Connor P. Lemire
**MCCUNE WRIGHT AREVALO, LLP**
231 North Main Street, Ste 20
Edwardsville, Illinois 62025
(618) 307-6116

Richard D. McCune
Michele M. Vercoski
3281 East Guasti Road, Suite 100
Ontario, California 91761
(909) 557-1250

Plaintiff-Appellants Leinani Deslandes and Stephanie Turner respectfully submit this brief memorandum in response to the Court's August 2, 2022 order requesting briefing as to why this appeal should not be stayed pending entry of the District Court's order on Plaintiffs' Motion to Correct the Judgment. *Deslandes v. McDonald's*, No. 22-2333, (7th Cir. Aug. 2, 2022), ECF No. 3; *Turner v. McDonald's*, No. 22-2334 (7th Cir. Aug. 2, 2022), ECF No. 2.[1] In short, a stay of the appeal is not necessary because Plaintiff-Appellants seek only to correct a clerical error in the District Court's judgment pursuant to Federal Rule of Civil Procedure 60(a). Because the District Court indicated on August 3, 2022 that it would grant Plaintiffs' Motion to Correct the Judgment if it had jurisdiction to do so, Plaintiff-Appellants request that the Court grant the District Court leave to correct the judgment in accordance with Federal Rule of Civil Procedure 60(a) and Federal Rule of Appellate Procedure 12.1(a)-(b) such that their appeal may proceed.

---

[1] The Seventh Circuit ordered consolidation of *Deslandes* and *Turner* on August 2, 2022. *See Deslandes v. McDonald's*, No. 22-2333, (7th Cir. Aug. 2, 2022), ECF No. 4.

## BACKGROUND

On July 25, 2022, Plaintiffs filed a Motion to Correct the Judgment in the District Court pursuant to Federal Rule of Civil Procedure 60(a) for the sole purpose of correcting the following clerical mistake. *See Deslandes v. McDonald's*, No. 17-cv-04857 (N.D. Ill.), ECF No. 456; *Turner v. McDonald's*, No. 19-cv-05524 (N.D. Ill.), ECF No. 89. In the District Court's June 28, 2022 Memorandum Opinion and Order (ECF No. 453) (hereafter, the "Order"), the District Court granted Defendants' motion for judgment on the pleadings, but the judgments that the Clerk entered incorrectly stated that judgments had been granted "on a motion for summary judgment." June 28, 2022 Judgment in a Civil Case (*Deslandes*, ECF No. 455; *Turner*, ECF No. 88) (hereafter, "Judgments"). Plaintiffs' only goal in filing their Motion was to ensure the Judgments, which Plaintiffs now appeal, accurately reflected the District Court's Order—i.e., that the District Court entered judgment on the pleadings, not on summary judgment. Plaintiffs did not—and do not—seek to alter or amend the Judgments in any substantive manner under Federal Rule of Civil Procedure 59(e) such that a stay of their appeal might be warranted.

On presentment of Plaintiffs' Motion on August 3, 2022, the Honorable Jorge L. Alonso agreed that the Judgments did not reflect his accompanying Order and indicated that he would correct the Judgments if the District Court had jurisdiction to do so. *See* Transcript of Motion Hearing, attached hereto as Exhibit A at p. 4. Because Plaintiffs' appeal was docketed on July 27, 2022, however, the District Court could not correct the Judgment without the appellate court's leave. *See* Fed. R. Civ. P. 60(a) ("[A]fter an appeal has been docketed in the appellate court and while it is pending, . . . a [clerical] mistake may be corrected only with the appellate court's leave."). As such, the District Court denied Plaintiffs' Motion without prejudice, pending leave from the Seventh Circuit to correct the mistake. *See* ECF No. 465; Exhibit A at p. 6. Plaintiff-Appellants therefore respectfully request that the Court grant the District Court leave to correct the Judgments and, once the District Court does so, allow this appeal to proceed.

## ARGUMENT

Under Federal Rule of Civil Procedure 60(a), "[t]he [district] court may correct a clerical mistake or a mistake arising from oversight or omission

whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Where "the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction . . . ." *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986); *see also Kokomo Tube Co. v. Dayton Equipment Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997) (explaining that Rule 60(a) authorizes "changes that implement the result intended by the court at the time the order was entered"). "[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). "If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending," and "the district court states that it would grant the motion . . . , the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(a)-(b).

As Judge Alonso indicated at the August 3, 2022 hearing on Plaintiffs' Motion, the mistake in the Judgments was clerical: in its Order, the District Court ruled that "Defendants are entitled to judgment on the pleadings" as to

Count I of the complaint (the only remaining claim in the case) and, accordingly, denied the parties' cross motions for summary judgment "as moot." Order at 12-13. The Judgments, however, indicate that District Court ruled in favor of Defendants "on motion for summary judgment." Judgments at 1. This is precisely the type of error that Rule 60(a) was intended to fix. *See Am. Fed'n of Grain Millers, Loc. 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994) (explaining that Rule 60(a) applies where "[t]he [district] court was not trying to correct some factual or legal error, merely the clerical mistake that occurred when the clerk of court mistakenly translated the district court's order into a judgment").

In similar situations, the Seventh Circuit has consistently granted the district court leave to correct a judgment. *See, e.g., Pogwizd v. Dynamic Sec., Inc.*, 29 F. App'x 399, 400 (7th Cir. 2002) (granting the parties leave to file a Rule 60(a) motion in the district court to correct the judgment "to show what actually happened" in the case and "grant[ing] the district court leave to act on such a motion . . . while the case remains on our docket"); *United States v. Sanders*, No. 11-CV-912-NJR-DGW, 2016 WL 6124931, at *13 n.1 (S.D. Ill. Oct.

20, 2016), *aff'd*, 676 F. App'x 599 (7th Cir. 2017) (noting that the Seventh Circuit granted the district court leave to file an amended order in accordance with Rule 60(a) "for the purpose of correcting an error"). Plaintiff-Appellants request the Court do the same here and, pursuant to Federal Rule of Appellate Procedure 12.1(b), remand the case for the limited purpose of correcting the Judgments while allowing her appeal to proceed.

Dated:  August 5, 2020                    /s/  *Derek Y. Brandt*

                                            Derek Y. Brandt (#6228895)
                                            Leigh M. Perica (#6316856)
                                            Connor P. Lemire
                                            **MCCUNE WRIGHT AREVALO, LLP**
                                            231 North Main Street, Suite 20
                                            Edwardsville, Illinois 62025
                                            Tel: (618) 307-6116
                                            Fax: (618) 307-6161
                                            dyb@mccunewright.com
                                            lmp@mccunewright.com
                                            cpl@mccunewright.com

Dean M. Harvey
Anne B. Shaver
Lin Y. Chan
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Tel: (415) 956-1000
dharvey@lchb.com
ashaver@lchb.com
lchan@lchb.com

Jessica A. Moldovan
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
jmoldovan@lchb.com

Richard D. McCune
Michele M. Vercoski
**MCCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Tel: (909) 557-1250
rdm@mccunewright.com
mmv@mccunewright.com

Attorneys for Individual and Representative Plaintiffs Leinani Deslandes and Stephanie Turner

## **CERTIFICATE OF COMPLIANCE**

This memorandum complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C), because it contains 1,091 words, as determined by Microsoft Word 2010, including the headings and footnotes and excluding the parts exempted by Fed. R. App. P. 32(f). The motion also complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because the text appears in 14-point Times New Roman, a proportionally spaced serif typeface.

*/s/ Derek Y. Brandt*

# **CERTIFICATE OF SERVICE**

I certify that on August 5, 2022, the foregoing was electronically filed with the Clerk of Court using the Appellate PACER system, which automatically serves e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system and each of whom may access this filing via the Court's Appellate PACER system.

*/s/ Derek Y. Brandt*

# EXHIBIT A

|   |   |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
|   | FOR THE NORTHERN DISTRICT OF ILLINOIS |
| 2 | EASTERN DIVISION |

```
 3   LEINANI DESLANDES, etc.,        )
                      Plaintiff,    ) Case No. 17-CV-4857
 4        vs.                       )         and
     McDONALD'S USA, LLC, et al.,   ) Case No. 19-CV-5524
 5                    Defendant.    )
     ---------------------------    ) MOTION HEARING
 6   STEPHANIE TURNER, etc.,        ) (held telephonically)
                      Plaintiff,    )
 7        vs.                       ) Chicago, Illinois
     McDONALD'S USA, LLC, et al.,   ) Date:  August 3, 2022
 8                    Defendant.    ) Time:  9:30 a.m.
```

```
 9
                    TRANSCRIPT OF MOTION HEARING
10                   HELD TELEPHONICALLY BEFORE
                THE HONORABLE JUDGE JORGE L. ALONSO
11                  UNITED STATES DISTRICT JUDGE

12
                         A P P E A R A N C E S
13
     For the Plaintiff:     Anne B. Shaver, Esq.
14                          Lieff Cabraser Heimann & Bernstein, LLP
                            275 Battery Street, 29th Floor
15                          San Francisco, California  94111
                            415-956-1000
16                          (appeared telephonically)

17

18   (Appearances continued on the next page.)

19

20

21

22   THE COURT REPORTER:    Annette M. Montalvo, CSR, RDR, CRR
                            Official Court Reporter
23                          Office:  312-818-6683

24

25
```

```
 1   APPEARANCES:   (Cont'd)

 2

 3   For the Defendant:      Rachel Brass, Esq.
                             Gibson, Dunn & Crutcher LLP
 4                           555 Mission Street, Suite 3000
                             San Francisco, California  94105
 5                           415-393-8248
                             (appeared telephonically)
 6                                -and-
                             Robert M. Andalman, Esq.
 7                           A & G Law LLC
                             542 S. Dearborn Street, 10th Floor
 8                           Chicago, Illinois  60605
                             312-348-7629
 9                           (appeared telephonically)

10
     For the United          (No appearance.)
11   States of America:

12

13

14

15
     Proceedings reported by machine shorthand, transcript produced
16   by computer-aided transcription.

17   ─────────────────────────────────────────────
     Court Reporter:         Annette M. Montalvo, CSR, RDR, CRR
18                           Official Court Reporter
                             United States Courthouse, Room 1902
19                           219 South Dearborn Street
                             Chicago, Illinois  60604
20                           312-818-6683

21

22

23

24

25
```

1    (Proceedings commenced at 9:30 a.m., in open court, via
2  teleconference, to wit:)
3           THE COURTROOM DEPUTY:  Case 17-CV-4857, *Deslandes v.
4  McDonald's*, and Case 19-CV-5224, *Turner v. McDonald's*.
5           THE COURT:  Good morning.  This is Judge Alonso.  I
6  am here in the courthouse, otherwise, we are proceeding via
7  teleconference this morning.
8           Let's have the attorneys identify themselves for the
9  record.
10          First, for plaintiff, Deslandes and Turner.
11          MS. SHAVER:  Good morning, Your Honor.  This is Anne
12 Shaver, Lieff Cabraser Heimann & Bernstein, for plaintiff,
13 Deslandes and Turner.  And it is just me today.  Thank you.
14          THE COURT:  Good morning.
15          And for the defendant?
16          MR. ANDALMAN:  Your Honor, Robert Andalman for
17 defendant.  And I think Rachel Brass may also be on the line,
18 but I will let her speak if she is.
19          MS. BRASS:  Good morning, Your Honor.  Rachel Brass
20 from Gibson, Dunn & Crutcher LLP for the defendant.
21          THE COURT:  All right.  Good morning.
22          We've got one motion on each case.  On the docket,
23 it's No. 456 for the *Deslandes* case, No. 89 on the *Turner*
24 case, and it is a motion to correct the judgment.  The
25 judgment in the *Deslandes* case is Document No. 455.  And in

1  the civil case, on the box that is checked is "decided by
2  Judge Alonso on a motion for summary judgment."  So that, I
3  agree, is imprecise.  The order that I entered on the same
4  date was not imprecise.
5         McDonald's has responded.  This was the entry of the
6  clerk.  I should have caught it; perhaps I didn't.  It is the
7  order that the motion was a motion for summary judgment, or,
8  in the alternative, judgment on the pleadings.  I granted the
9  motion for judgment on the pleadings.  Rule 60, 60(a),
10 ordinarily would allow me to correct an error that is
11 clerical, and this one is.  However, after an appeal has been
12 docketed in the Appellate Court, while it's pending, such a
13 mistake may be corrected with leave of the Appellate Court.
14 This is Rule 60(a).  So the motion was filed, but it was
15 noticed too late, if you will.
16         What's the defendant's position?
17         MR. ANDALMAN:  Your Honor, I think that the
18 plaintiffs kind of put the Court in a strange box here because
19 they filed the motion, they didn't identify the rule they were
20 filing under.  So I agree with the Court that under 60(a),
21 that without leave of the Seventh Circuit, you can't make the
22 correction at this point.  Unfortunately, the Seventh Circuit
23 looked at the motion and said, well, it could be either a
24 59(e) or a 60(a), at least based on the docket.  And so they
25 have stayed the appeal and ordered the plaintiff to brief why

1  there's appellate jurisdiction if there's potentially a 59(e)
2  motion pending.
3      So I don't know what plaintiffs intend to do with
4  this sort of procedural morass, but I would say that at this
5  point the Court can't grant the motion, they have to deal with
6  the Seventh Circuit to try to get the leave that would be
7  required to make the change.  If the Court was inclined to
8  make the change, and we've explained --
9      THE COURT REPORTER:  Excuse me.  This is the court
10 reporter.  Who's speaking?
11     MR. ANDALMAN:  Robert Andalman.  Sorry.
12     THE COURT:  All right.  Plaintiff, what's your
13 position?
14     MS. SHAVER:  This is Anne Shaver.
15     Your Honor, we noticed the -- what we just thought
16 was a simple clerical error in the judgment as we were
17 preparing to file the notice of appeal, and we didn't, of
18 course, want that notice of appeal to be untimely.
19     So I apologize for the timing.  We should have caught
20 this earlier also and corrected for our deadline of appeal,
21 but the timing being what it was, (inaudible) to go ahead and
22 get on file with the Seventh Circuit.
23     So what we can do is respond to the Seventh Circuit's
24 instructions, which came yesterday, for us to explain that
25 this is, indeed, a Rule 60(a) motion, and have the Circuit

1  give leave to correct this, as what we see as a clerical
2  error, and then the appeal can proceed.
3         THE COURT: All right. So in terms of the motion
4  before me (inaudible) or might there be a consequence with
5  such a ruling at this point?
6         MS. SHAVER: I believe it can be, actually, rather
7  than denied, just stayed, while we get the instruction from
8  the Seventh Circuit, and in that case we wouldn't need to
9  refile the motion. If you deny it with prejudice, we could,
10 of course, refile it, if that is Your Honor's preference.
11        THE COURT: All right. I will -- based on the
12 reasons that we've discussed here and I've discussed on the
13 record, the motion's going to be denied without prejudice at
14 this point.
15        All right. I will follow -- or I will await further
16 developments, but that's the order at this point. Thank you.
17        MS. SHAVER: Thank you, Your Honor.
18        MR. ANDALMAN: Thank you, Your Honor.
19   (Proceedings concluded at 9:36 a.m.)
20                        * * * * *
21              **REPORTER'S CERTIFICATE**
22        I, ANNETTE M. MONTALVO, do hereby certify that the
   above and foregoing is a full, true and complete transcript of
23 the proceedings.
24        Dated this 4th day of August, 2022.
25 /s/Annette M. Montalvo
   Annette M. Montalvo, CSR, RDR, CRR, Official Court Reporter